UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CEDRIC BARQUET,

    Defendant.

No. CR08-82RSL

ORDER AFFIRMING
PRETRIAL DETENTION

## I. INTRODUCTION

This matter comes before the Court on defendant Cedric Barquet's "Motion to Vacate Detention Order" (Dkt. #244) and for review under 18 U.S.C. § 3145 of the March 26, 2008 detention order issued by the Honorable Mary Alice Theiler, United States Magistrate Judge. See Dkt. #85; #90 (Detention Order). The Court, having considered the motion and the records and files herein, determines that this matter is appropriate for resolution without a hearing. For the reasons set forth below, the Court affirms the detention order.

## II. DISCUSSION

**A.    Background**

On March 19, 2008, a grand jury indicted defendant and thirteen co-defendants on the charge of conspiracy to distribute cocaine and crack cocaine. Dkt. #1 (Indictment), Count 1.

ORDER AFFIRMING
PRETRIAL DETENTION

- 1 -

Judge Theiler held a detention hearing on March 25, 2008, and subsequently ordered that defendant be detained in custody pending trial. See Dkt. #85; #90. Shortly after the detention order was issued, the grand jury returned a superceding indictment charging defendant with conspiracy to distribute cocaine and crack cocaine, and two counts of possession of cocaine and crack cocaine with intent to distribute. See Dkt. #138 (Superceding Indictment) at Counts 1, 30 & 31. Defendant now petitions the Court for review of Judge Theiler's March 26, 2008 detention order.

**B.  Analysis**

    **1.  Standard of review**

The Court reviews the pretrial detention order of a magistrate judge *de novo*. United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). Although the Court considers the evidence presented to the magistrate judge, it accords no deference to the magistrate judge's findings of fact and ultimate conclusion. Id. at 1193. The Court may also hold additional evidentiary hearings and consider evidence that was not before the magistrate judge. Id.

Under 18 U.S.C. § 3142(b), the Court shall release a defendant on personal recognizance or appearance bond, unless the Court "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The Court may impose conditions that it deems necessary to guard against a defendant's flight or danger to the community. See 18 U.S.C. § 3142(c). In deciding whether conditions could reasonably assure the defendant's appearance and the safety of the community, the Court evaluates four factors: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). To prevent a defendant's release, the government must prove that a defendant is a danger to the community by clear and convincing

evidence, or it must prove that a defendant is a flight risk by a clear preponderance of the evidence. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

### 2. Rebuttable presumption of detention

If the Court finds probable cause to believe that a defendant violated a provision of the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et. seq., that carries a maximum term of imprisonment of 10 years or more, there is a rebuttable presumption of detention. See 18 U.S.C. § 3142(e). Although the presumption shifts the burden of production to the defendant, the burden of persuasion remains with the government. United States v. Mesher, 707 F. Supp. 1224, 1225 (D. Or. 1989). A defendant may rebut this presumption by presenting evidence of family ties, employment history, or any other characteristic that 18 U.S.C. § 3142(g) lists as a factor for the Court's consideration. See United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986). The presumption continues to carry "evidentiary weight" with the Court after a defendant has presented evidence in rebuttal. Mesher, 707 F. Supp. at 1225.

In this case, defendant has been charged with an offense under the CSA that carries a maximum penalty in excess of ten years. This is sufficient to trigger the rebuttable presumption that defendant is a flight risk and danger to the community. Accordingly, the Court now turns to the factors required under 18 U.S.C. § 3142(g) to determine whether conditions of release could reasonably assure defendant's appearance at trial and protect the community.

### 3. Factors for consideration

#### (a) Nature and circumstances of the offense charged

Without making a determination of guilt or innocence, the Court finds that the serious nature of the charges and the potential sentence weigh heavily in favor of detention. When the Court evaluates the nature and circumstances of the offense charged, the Court must consider whether the offense involves controlled substances. 18 U.S.C. § 3142(g). Controlled substances are central to each of the three counts against defendant. See Dkt. #138 at Counts 1, 30 & 31.

ORDER AFFIRMING
PRETRIAL DETENTION

- 3 -

The drug offenses in Counts 1 and 30 are alleged to have involved over 50 grams of crack cocaine, which would trigger a mandatory minimum sentence of 10 years in imprisonment if defendant were convicted. See 21 U.S.C. § 841.

### (b) Weight of evidence

Although the weight of the evidence against a defendant is the least important factor in the Court's analysis, Motamedi, 767 F.2d at 1403, this factor also favors detention here. The government proffers that wiretap recordings reveal that defendant arranged to purchase large quantities of powder cocaine from co-defendants Piper and Nicola Kilcup to "cook" into crack cocaine, which defendant Barquet then allegedly distributed. See Dkt. #246 at 2. The government also proffers that during a search of defendant's residence and vehicle, officers recovered large quantities of crack and powder cocaine. Id. at 3.

### (c) History and characteristics of defendant

In the totality of the circumstances, defendant's history and characteristics weigh strongly in favor of detention. In evaluating this factor, the Court considers defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3). Although defendant has established family with ties to the Seattle-area community, including his grandmother and sister who reside in Puyallup, defendant has a history of past criminal conduct and a history relating to drug use. Defendant has prior Rape and Robbery convictions, a 2002 gross misdemeanor conviction for possession of cocaine in violation of RCW § 69.50.401(d), and a gross misdemeanor conviction in 2006 for marijuana possession. See Dkt. #247-2; Dkt. #244 at 2. The government also proffers that defendant is a suspect in a pending shooting-incident case, and that defendant himself was recently the victim of a November 29, 2007 shooting incident. See Dkt. #246 at 4-5 & n.2. Defendant has also acknowledged that he used cocaine at the Federal Detention Center since his arrest and

detention. See Dkt. #244 at 1; Dkt. #246 at 5. Viewed holistically, the Court finds that by a clear preponderance of the evidence, the record reveals defendant is a potential flight risk, which cannot be mitigated through conditions of release.

### (d) Nature and seriousness of danger to the community

The Court also finds that the government has proven by clear and convincing evidence that defendant is a danger to the community. See Dkt. #246 at 9. As discussed above, defendant has a history of violent crime and was himself involved in a recent shooting incident. Furthermore, as the government proffers in its response, the alleged coconspirator defendants in this case have close ties with one another, and the Court has already conducted a bond revocation hearing with another coconspirator defendant in this case concerning, in part, allegations of witness tampering. See Dkt. #242; #246 at 9-10. Accordingly, based on the totality of the circumstances in the record, the government has shown by clear and convincing evidence that defendant is a danger to the community.

## IV. CONCLUSION

The Court begins its analysis with a presumption of detention, but that presumption does not alter the government's burden of persuasion. For the reasons set forth above, the Court finds that the government met its burden by a clear preponderance of the evidence that defendant's risk of flight requires detention, and finds that the government has shown by clear and convincing evidence that there are no conditions of release that would reasonably assure the safety of the community. Accordingly, the Court AFFIRMS the pretrial detention of defendant (Dkt. #85; #90).

DATED this 24th day of July, 2008.

Robert S. Lasnik
United States District Judge

ORDER AFFIRMING
PRETRIAL DETENTION